UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN BURT,

                          Plaintiff,

            v.

NANCY A. BERRYHILL,[1] Commissioner of
  Social Security,

                         Defendant.

**DECISION
and
ORDER**

**17-CV-00922F**
(**consent**)

_____

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                               KENNETH R. HILLER, and
                               ANTHONY JOHN ROONEY, of Counsel
                               Attorneys for Plaintiff
                               6000 North Bailey Avenue, Suite 1A
                               Amherst, New York 14226

                               JAMES P. KENNEDY, JR.
                               UNITED STATES ATTORNEY
                               Attorney for Defendant
                               Federal Centre
                               138 Delaware Avenue
                               Buffalo, New York 14202
                                         and
                               KRISTINA DANIELLE COHN
                               Special Assistant United States Attorney, of Counsel
                               Social Security Administration
                               Office of General Counsel
                               26 Federal Plaza – Room 3904
                               New York, New York 10278
                                         and
                               DENNIS J. CANNING, and
                               JOHN C. FISCHER
                               Special Assistant United States Attorneys, of Counsel
                               Social Security Administration
                               Office of General Counsel
                               601 E. 12TH Street, Room 965
                               Kansas City, Missouri 64106

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed.R.Civ.P. 25(d), Berryhill is substituted for Carolyn W. Colvin as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 14). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 3, 2018 (Dkt. 9), and by Defendant on May 29, 2018 (Dkt. 13).

**BACKGROUND**

Plaintiff Steven Burt ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on December 3, 2013, for Disability Insurance Benefits under Title II of the Act ("SSDI"), and for Supplemental Security Income under Title XVI of the Act ("SSI") (together, "disability benefits"). Plaintiff alleges he became disabled on November 16, 2012, based on lumbar spine injury, degenerative joint disease in his knees, and constant pain, which limits his ability to sit, stand and lift. AR[2] at 154. Plaintiff's application was denied on February 24, 2014, AR at 43-60, and at Plaintiff's timely request, on April 19, 2016, a hearing was held in Buffalo, New York, via videoconference before administrative law judge Robert Wright ("the ALJ), located in Albany, New York. AR at 26-42. Appearing and testifying at the hearing were Plaintiff, and his attorney, Kelly Laga, Esq. ("Laga"). Also present was vocational expert ("VE") Margaret E. Heck, from whom no testimony was taken.

On April 22, 2016, the ALJ issued a decision denying Plaintiff's claim, AR at 15-22 ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council, with Kelly

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on February 2, 2018 (Dkt. 7).

Laga, Esq. appointed to represent Plaintiff on his administrative appeal. AR at 120. On July 19, 2017, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-6. On September 15, 2017, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On April 3, 2018, Plaintiff moved for judgment on the pleadings (Dkt. 9) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum"). On May 29, 2018, Defendant moved for judgment on the pleadings (Dkt. 13) ("Defendant's Motion"), attaching the Commissioner's Brief in Response Pursuant to Local Standing Order on Social Security Cases (Dkt. 13-1) ("Defendant's Memorandum"). Filed on June 25, 2018, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgement on the Pleadings (Dkt. 15) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED. The Clerk of Court is directed to close the file.

## **FACTS**[3]

Plaintiff Steven Burt ("Plaintiff" or "Burt"), born March 28, 1954, was 58 years old as of November 16, 2012, his alleged disability onset date ("DOD"), and 62 years old as of April 22, 2016, the date of the ALJ's decision. AR at 29. Plaintiff has four adult children, is divorced, and lives alone. AR at 29-30. Plaintiff finished high school after which he attended Job Corps for one year. AR at 29. Plaintiff let his driver's license

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

expire because he did not like driving, and relies on his oldest daughter for rides. AR at 34-35. Plaintiff previously worked as a telemarketer, AR at 37-38, stock person, and in food service, AR at 31-32, 156, and most recently worked in maintenance, but quit because the one-mile walk from the bus stop bothered his knees and back.[4] AR at 31, 39, 156. It is undisputed Plaintiff suffers from degenerative disc disease of the lumbar spine, and high blood pressure, AR at 17-18, although Plaintiff also asserts as impairments degenerative joint disease affecting his knees, chronic pain, and depression, AR at 217, which Plaintiff maintains renders him unable to perform even light or sedentary work. *Id.* at 218.

## DISCUSSION

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether

---

[4] It is not clear from the record when Plaintiff stopped working, and Plaintiff indicated on his disability benefits application that he was still working, yet as of his alleged disability onset date of November 16, 2012, Plaintiff reduced his hours resulting in income below the threshold for substantial gainful activity. AR at 154, 160-61, 143-44, 178. According to Plaintiff's attorney, Plaintiff ceased working in "September 2015." AR at 217.

4

the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b)

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

5

and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity," which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the

burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff meets the Act's insured status requirement for SSDI through June 30, 2017, AR at 17, Plaintiff did not engage in substantial gainful activity since November 16, 2012, his alleged disability onset date, *id.*, that Plaintiff suffers from the severe impairment of degenerative disc disease of the lumbar spine, *id.*, but that Plaintiff's medically determinable impairment of hypertension was well-controlled with medication and resulted in no limitations in basic work activities such that the impairment is nonsevere, and Plaintiff's asserted impairments of depression and persistent knee pain are without any objective medical evidence in the record and, as such, are not medically determinable. AR at 18. The ALJ further found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1, *id.* at 18, and that Plaintiff retains the RFC to perform the full range of light work, AR at 18-21, including Plaintiff's past relevant work ("PRW"), as a telemarketer, a job which generally is performed in the national economy at the sedentary level, AR at 21-22, such that Plaintiff is not disabled as defined under the Act. *Id.* at 22. Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that in determining Plaintiff's RFC at step four, the ALJ erred in discounting the opinion of consultative examiner Donna Miller, D.O. ("Dr. Miller"), Plaintiff's Memorandum at 6-9, and failed to develop the record with regard to Plaintiff's asserted anxiety and depression. *Id.* at 9-12. In opposition, Defendant argues the ALJ determined Plaintiff's RFC based on the entire record, including the credible limitations Plaintiff alleged,

7

Defendant's Memorandum at 7-12, properly evaluated Dr. Miller's consultative opinion, *id.* at 12-14, and properly evaluated Plaintiff's mental impairments. *Id.* at 15-19. In reply, Plaintiff argues the ALJ erroneously granted only portions of Dr. Miller's opinion weight, while rejecting others, Plaintiff's Reply at 1-3, and reiterates that the ALJ should have developed the record with regard to Plaintiff's alleged mental impairments. *Id.* at 3-4. Plaintiff's arguments are without merit.

Specifically, the ALJ did not err in discounting a portion of Dr. Miller's opinion, formed following a consultative internal medical examination on January 29, 2014, that Plaintiff "has mild to moderate limitation for heavy lifting, bending, carrying, kneeling, and squatting." AR at 223-29. As the ALJ explains, this "vague opinion" is substantially based on Plaintiff's uncorroborated subjective complaints and are without any objective support. AR at 20-21 (citing AR at 223-29). Despite Plaintiff's complaints of constant back and bilateral knee pain, upon examination by Dr. Miller, Plaintiff appeared in no acute distress, walked with a normal gait, could walk on heels and toes without difficulty, had normal stance, used no assistive devices, required no help changing or getting on and off the examination table, and was able to rise from a chair without difficulty, although Plaintiff could squat to only 75 %, and had some decreased range of motion in his lumbar spine and knees. AR at 221-22. Dr. Miller reviewed X-rays showing both knees were normal, AR at 222 (citing AR at 224 (right knee X-ray taken January 29, 2014), and 232 (left knee X-ray taken August 15, 2012)), and degenerative changes in Plaintiff's lumbar spine. AR at 222 (citing AR at 225 (lumbosacral spine X-ray taken January 29, 2014, showing degenerative spondylolysis at L4-L5 but no compression fracture)). The January 29, 2014 X-ray of Plaintiff's lumbosacral spine is consistent with

an earlier lumbar spine X-ray taken August 15, 2012, showing advanced degenerative disc disease and severe disc space narrowing at L5-S1, with facet joint arthropathy involving the lower lumbar spine, but no evidence of spondylolisthesis or spondylolysis. AR at 233.  The ALJ thus did not err in according Dr. Miller's opinion, that Plaintiff was limited in his ability to lift and carry, little weight, AR at 19-21 (finding no objective evidence that Plaintiff experiences any radiculopathy-like symptoms, citing AR at 233 (August 15, 2012 lumbar spine X-ray), and that Plaintiff retains the RFC for a full range of light work, including sitting, standing, and walking without limitation, and lifting, carrying, pulling and pushing up to 20 pounds occasionally, and 10 pounds frequently. AR at 21.

Even assuming, *arguendo*, the ALJ erred in determining Plaintiff, despite his knee and back impairments, retained the RFC for a full-range of light work, because, as the ALJ found, AR at 21-22, and Plaintiff does not dispute, Plaintiff's PRW as a telemarketer is work that, both as performed in the national economy, as well as performed by Plaintiff per his description, is sedentary, such error was harmless.[6]  *See*

---

[6] As defined in the relevant regulations,

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

*Taylor v. Astrue*, 2012 WL 294532, at * 8 (D. Md. Jan. 31, 2012) (holding that even if the ALJ erred if failing to find some exertional limitations stemming from the claimant's heart condition, such limitations would not negatively impact Plaintiff's RFC as to prevent the claimant from her PRW which was classified as light, unskilled work); *McClam v. Astrue*, 2008 WL 4200588, at * 6 (D.S.C. Sept. 5, 2008) ("Because the ALJ concluded that [the claimant] could do her past relevant work, as performed at the sedentary level, it is harmless error to the extent the plaintiff cannot actually perform the full range of light work."). Moreover, as provided by the relevant regulation, "[i]f someone can do light work, we determine that he or shall can also do sedentary work, unless there are additionally limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b). In the instant case, there is no evidence of such additionally limiting factors. Accordingly, substantial evidence in the record supports the ALJ's determination that Plaintiff can perform his PRW as a telemarketer.

Nor was the ALJ required, as Plaintiff argues, Plaintiff's Memorandum at 9-12, Plaintiff's Reply at 3-4, to develop the record with regard to Plaintiff's alleged mental impairments. Simply, remand is not required when an ALJ fails to request medical reports or opinions provided, as here, "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 34 (2d Cir. Apr. 2, 2013) (citing cases). Similarly, the ALJ is required to develop the record by recontacting treating sources only where the evidence in the record is inadequate to permit the ALJ to make a disability determination, *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996) (holding ALJ not required to develop the record by obtaining retrospective reports from claimant's physicians

where reports from such physicians already in the record supported the ALJ's disability determination). As relevant here, the only evidence in the record of Plaintiff's claimed depression and anxiety is found in office treatment records for the time period of March 31, 2014 through April 13, 2015, from his primary care provider at North Buffalo Medical Park West, where Plaintiff was treated by Kimberley Wilson, ANP ("NP Wilson"). AR at 246-73. Although at some visits, NP Wilson assessed Plaintiff with anxiety and depression, *see*, *e.g.*, AR at 247-48 (March 31, 2014), at other visits, Plaintiff was assessed with no anxiety or depression. *See*, *e.g.*, AR at 259 (July 7, 2014), 264 (March 2, 2015). Further, the reasons for Plaintiff's visits included lower back pain, AR at 247, blood work, AR at 252, follow-up with Plaintiff's high blood pressure, AR at 255, 258, 264, and annual physical. AR at 267. Despite the several references to Plaintiff as depressed and anxious, the record is devoid of any indication that Plaintiff's ability to perform work related activities is at all hampered by depression and anxiety. In fact, Plaintiff's disability benefits application does not list depression or anxiety as a claimed disabling condition, *see* AR at 154, nor did Plaintiff testify that his depression or anxiety caused him to stop working; rather, Plaintiff attributed his decision to cease working to difficulty walking one mile from the bus stop to his place of employment. AR at 31. Nor was Plaintiff ever prescribed any medication for depression or anxiety. Significantly, "[a] lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits." *Barry v. Colvin*, 606 Fed.Appx. 621, 622 (2d Cir. Apr. 21, 2015). In the absence of any more definitive evidence that Plaintiff suffers from depression and anxiety sufficiently severe to impact Plaintiff's

ability to work, the ALJ was not required to develop the record as to these asserted conditions.

The ALJ's assessment of Plaintiff as able to perform his PRW as a telemarketer thus is supported by substantial evidence in the record, thereby supporting the ALJ's determination that Plaintiff is not disabled.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion (Dkt. 13) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:	February 13, 2019
	Buffalo, New York